IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD BROWN, | ) | FILED: JULY 9, 2008 |
| | ) | 08CV3913 |
| Plaintiff, | ) | JUDGE LEFKOW |
| | ) Case No.: | MAGISTRATE JUDGE COX |
| v. | ) | AEE |
| | ) | COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL RIGHTS |
| P.O. J. WASSNER, | ) | AND STATE SUPPLEMENTAL |
| P.O. N. KOHANYI, | ) | CLAIM |
| P.O. R. CORY, Individually, and | ) | |
| THE CITY OF ROCKFORD | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff EDWARD BROWN ("Brown" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Berwyn Police Officers J. WASSER, N. KOHANYI, and R. CORY ("Individual Defendant") were employed by the Rockford Police Department and were acting under color of state law and as employees, agents, or representatives

1

for the Rockford Police Department. These defendants are being sued in their individual/personal capacities.

5.  At all times herein mentioned, THE CITY OF ROCKFORD ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Rockford maintained, managed, and/or operated the City of Rockford Police Department.

## FACTUAL ALLEGATIONS

6.  On or about July 11, 2007, Plaintiff was at 515 Seminary, Rockford, IL.

7.  At that place and date, the individual defendants arrived at Plaintiff's location.

8.  Plaintiff was subjected to unnecessary and unreasonable force by being repeatedly shot with a "Taser" (or some other electroshock device used to immobilize and/or incapacitate a person) by the individual defendants. Defendant's actions caused Plaintiff to lose consciousness.

9.  The individual defendants then caused Plaintiff to be unlawfully arrested by handcuffing Plaintiff and forcing him into a police vehicle.

10. Plaintiff in no way consented to this conduct.

11. The individual defendants then caused Plaintiff to be falsely charged with obstructing a police officer and possession with intent to deliver a controlled substance.

12. On or about April 7, 2008, Plaintiff's case was dismissed, terminating in his favor.

13. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses,

and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

14. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### Plaintiff against Individual Defendants for Excessive Force

16. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

17. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

18. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable

excessive force. Therefore the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

**Plaintiff against Individual Defendants for Unlawful Detention and False Arrest**

19. Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

20. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

21. The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

## COUNT IV

**Plaintiff against All Defendants for Supplemental Claims of Assault and Battery, False Arrest, and Malicious Prosecution**

22. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully alleged at this place.

23. Defendants, and each of them, caused Plaintiff to be assaulted and battered, falsely arrested, and a false criminal prosecution to commence against Plaintiff.

24. Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiffs without probable or any legal cause for the institution and continuation of these proceedings. As a result, plaintiff

was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

25. Defendants facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

26. The criminal proceedings were terminated in the plaintiffs' favor.

27. The City of Rockford is liable as a result of *respondeat superior.*

28. Therefore, Defendants, and each of them, are liable under the state supplemental claims of assault and battery, false arrest, and malicious prosecution.

WHEREFORE, Plaintiff, Edward Brown, by and through his attorneys, Ed Fox & Associates, request judgment as follows against Defendants, and each of them on all claims:

1. That Defendants be required to pay the Plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay the Plaintiff special damages in a sum to be ascertained;

3. That Defendants, except the City of Rockford, be required to pay Plaintiffs attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision (except not on Count III);

  4. That the individual defendants be required to pay Plaintiff's punitive and exemplary damages in a sum to be ascertained;

  5. That Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

  6. That Plaintiff have such other and further relief as this Court may deem just and proper.

          By: */s/* Leslie C. McCoy
            Leslie C. McCoy
            ED FOX & ASSOCIATES
            Suite 330
            300 West Adams
            Chicago, IL. 60602
            (312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                    By: */s/* Leslie C. McCoy
                           Leslie C. McCoy
                           ED FOX & ASSOCIATES
                           Suite 330
                           300 West Adams
                           Chicago, IL. 60602
                           (312) 345-8877